**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE CRUZ**,<br><br>    Plaintiff,<br><br>vs.<br><br>**BRANDON QUANG AND NCBI INVESTMENT, INC.**,<br><br>    Defendants. | Case No.: 13-cv-00181-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OPPOSITION TO ORDER TO SHOW CAUSE** |

Plaintiff Jose Cruz ("Cruz") brings this wage and hour case against defendants Brandon Quang ("Quang") and NCBI Investment, Inc. ("NCBI"). Cruz alleges violations of the federal Fair Labor Standards Act ("FLSA") and California Labor Code provisions, including: (1) failure to pay overtime and for all hours worked under California law; (2) failure to provide accurate pay stubs and records; (3) failure to pay wages due at the end of employment; (4) failure to provide meal and rest breaks; as well as violation of California's Unfair Competition Law ("UCL") predicated on all the foregoing violations.

On September 09, 2013, Cruz filed a Motion to Amend the Complaint. (Dkt. No. 29.) Specifically, Cruz sought to:

(1) add an individual (Hendro Winoto) as a plaintiff to all claims; and

(2) add Shou Rong Zhang ("Zhang"), Hardianto Go ("Go"), and Zhou Xian Chen ("Chen") as defendants liable for all claims. That motion remains unopposed. Cruz failed to re-notice the matter for hearing after reassignment to the undersigned. (*See* Dkt. No. 34.)

On October 4, 2013, this Court issued an Order to Show Cause as to why the request to add the individual defendants to Cruz's state law claims should not be denied as futile in light of *Martinez v. Combs*, 49 Cal.4th 35, 66 (2010) and *Reynolds v. Bement*, 36 Cal.4th 1075 (2005). (Dkt. No. 35.) On October 18, 2013, Cruz filed a memorandum in response to the OSC. ("Response" [Dkt. No. 37]). Cruz appended to that response a redline version of a revised proposed First Amended Complaint. (Dkt. No. 37-2, Exh. A.)

Having carefully considered the papers submitted, and for the reasons below, the Court hereby **GRANTS IN PART AND DENIES IN PART** Cruz's Motion to Amend and **VACATES AND RECALLS** the Order to Show Cause.[1]  Cruz is **GRANTED** leave to amend his complaint to add: (1) Hendro Winoto as a plaintiff to all claims; (2) Zhang, Go, and Chen as defendants to the FLSA claim and UCL claim; and (3) Zhang as a defendant to all other state claims. The Court **DENIES** Cruz's request for leave to add Go and Chen as defendants to the state Labor Code claims without prejudice to a future motion for leave to amend should discovery reveal additional facts.

**I.   DISCUSSION**

This action seeks recovery for unpaid overtime wages and unpaid premium wages for denied meal periods and rest breaks. Plaintiff Cruz worked at New China Buffet, an all-you-can-eat restaurant that serves Asian style food. Cruz alleges that New China Buffet pays all its workers once a month, in cash, at a salary that does not account for overtime wages and does not pay minimum wage. Cruz further alleges that New China Buffet workers typically work 12 hours a day, and are not provided with 30-minute meal breaks or 10 minute rest breaks for every 4 hours of work. (Dkt. 1, Complaint at ¶¶ 6, 7.)

On August 5, 2013, Cruz deposed Defendant Quang. Quang testified that, although he is a shareholder and officer of NCBI, he was not involved in the daily operations of New China Buffet. He testified that Zhang, Go, and Chen "acted directly and indirectly in the interest of the business." (Motion at 4.) Specifically, Quang stated that: (1) Zhang was involved in running the restaurant; (2) Go was the restaurant's front house manager; and (3) Chen was the back of house manager. *Id.*

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the hearing set for November 5, 2013, is **VACATED**.

Finally, Quang's deposition revealed that Zhang, Quang's sister-in-law, was responsible for paying the wait staff. (Opposition to OSC at 3.)

Based upon the information learned in that deposition, and on information and belief, Cruz seeks to amend the complaint to allege liability of Zhang, Go, and Chen under several theories, citing *Martinez*. Cruz argues that, based on the testimony provided by Quang, Zhang, Go and Chen exercised control over the wages, hours, and working conditions of employees, and/or suffered or permitted them to work, making them "joint employers." However, Plaintiff misunderstands the California case law.

The California Supreme Court's decision in *Martinez* reaffirmed its earlier holding in *Reynolds* that the definition of "employer" does not impose liability on individual corporate agents acting within the scope of their agency. *Martinez,* 49 Cal.4th at 66, 75. Thus, in *Martinez*, the field agent that plaintiffs contended had exercised control over their wages and hours was not personally liable as an employer because he was acting within the scope of his agency. *Id.* at 75; *see also Bain v. Tax Reducers, Inc.*, 219 Cal.App.4th 110, 148-49 (2013), reh'g denied (Sept. 26, 2013), review filed (Oct. 7, 2013) (shareholder and officer not alleged to be acting outside his agency relationship or to have misappropriated to himself unpaid wages owed and therefore could not be individually liable for wage and hour violations).

Similarly, Plaintiff's proposed allegations against Go and Chen[2] state no more than that they, as managers of the kitchen and wait staff, determined wages and working hours for employees, including Cruz and Winoto. This is insufficient to state a claim for their individual liability under California wage and hour law. *Martinez,* 49 Cal.4th at 66, 75; *Bain,* 219 Cal.App.4th at 148-49.

The proposed amendments as to Zhang, by contrast, include allegations of a unity of interest between Quang, Zhang and NCBI, the underfunding of the corporation, and diversion of corporate funds for personal use. (*See* Dkt. No. 37-2, revised proposed Amended Complaint at ¶¶ 7, 8, 16.) Thus, the proposed amendments allege a basis for liability against Zhang beyond her mere role as a

---

[2] The Court notes that Plaintiff's Response to the OSC seems to confuse whether "Ge" is an alias for Chen, or they are two separate people. *Compare* Response 3:19-21 and 6:1-2. The Court assumes that the two names refer to the same person, as that is how they are used in the majority of the discussion.

3

corporate agent acting within the course and scope of that role. *Cf. Bain,* 219 Cal.App.4th at 148-49. Plaintiff may amend the complaint to allege Zhang's liability for the California wage and hour claims.

## II. CONCLUSION

Cruz is **GRANTED** leave to amend his complaint:

(1) to add Hendro Winoto as a plaintiff to all claims;

(2) to add Zhang as a defendant to all claims; and

(3) to add Go and Chen as defendants to the FLSA and UCL claims *only*.

Plaintiff's amended complaint shall, in the allegations on each individual claim, identify each defendant alleged to be liable for that claim and the theory for that liability.

Plaintiff shall file an amended complaint consistent with this Order no later than **November 22, 2013**.

**IT IS SO ORDERED.**

This Order terminates Docket Numbers 29 and 35.

Date: October 31, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**